IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:21-CR-00334-ALM-CAN-2 |
| | § | |
| JOSHUA DIEGO QUIROZ (2) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant Joshua Diego Quiroz has moved for an order directing the Government to provide a bill of particulars [Dkt. 66]. The Government opposes Defendant's request [Dkt. 74]. After reviewing Defendant Joshua Diego Quiroz's Motion and Memorandum in Support of Bill of Particulars ("Defendant's Motion") [Dkt. 66], the Government's Response [Dkt. 74], Defendant's Reply [Dkt. 76], and all other relevant filings, the Court recommends Defendant's Motion be **DENIED**.

**APPLICABLE BACKGROUND**

On December 8, 2021, the grand jury returned an Indictment charging Defendant in each of Counts 1 and 3 [Dkt. 1, Sealed]. On March 8, 2022, a detention hearing was held in Defendant's cause, and after a full evidentiary hearing, Defendant was ordered detained [Dkts. 37, 45]. The official transcript from the detention hearing was filed on April 11, 2022 [Dkt. 49]. Thereafter, on April 28, 2022, the Government filed a Bill of Particulars identifying the property subject to forfeiture in the Indictment, including specifically two Glock pistols [Dkt. 55]. On June 16, 2022, the Indictment was superseded; Defendant was charged in the First Superseding Indictment with five counts [Dkt. 62]. Count One charges a violation of 21 U.S.C. § 846—conspiracy to possess with the intent to manufacture and distribute methamphetamine and 18 U.S.C. § 2—aiding and

abetting ("Count 1"); Count Three charges a violation of 18 U.S.C. § 924(c)—possession of a firearm in furtherance of a drug trafficking crime ("Count 3"); Count Four charges a violation of 21 U.S.C. § 841—possession with the intent to manufacture and distribute methamphetamine, marijuana, and tetrahydrocannabinol ("Count 4"); Count Five charges a violation of 18 U.S.C. § 924(c)—possession of a firearm in furtherance of a drug trafficking crime ("Count 5"); and lastly, Count Six charges a violation of 21 U.S.C. § 846—conspiracy to possess with the intent to manufacture and distribute marijuana and tetrahydrocannabinol ("Count 6").[1]

The day after the First Superseding Indictment was filed, on June 17, 2022, Defendant filed the instant Motion [Dkt. 66]. As made clear by his Reply, "the discovery and testimony from the detention hearing allows [Defendant] to defend against 4 of the 5 counts against him," [Dkt. 76 at 2], thus, Defendant's Motion is aimed solely at Count 6. Defendant alleges the First Superseding Indictment lacks adequate specificity as to Count 6 and that additional information is needed "to avoid unfair surprise at trial and to prepare an adequate defense." [Dkt. 66 at 3]. By and through his Motion, Defendant makes seven (7) requests for information:

1. the basis and manner and means, including the date, place, time, and names of alleged participants, of the simple allegation that Mr. Quiroz did "from sometime in or about 2019, and continuously thereafter…. To combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture, distribute and dispense 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana and tetrahydrocannabinol, Schedule I Controlled Substances…"

2. the time period(s) that Mr. Quiroz is alleged to have participated in the conspiracy.

3. If the Government considers any person listed in any discovery material received to date to be unindicted co-conspirators, how many conspiracies are alleged to

---

[1] On July 14, 2022, the day before issuance of this Report, the Government superseded the indictment yet again [Dkt. 84, Sealed]. The text of Count Six remains unchanged in the Second Superseding Indictment, save and except additional defendant(s) are named [*compare* Dkts. 62 and 84, Sealed]. Because the Court believes the issues raised by Defendant with respect to the First Superseding Indictment likely remain unchanged as to the Second, the Court proceeds in entering the instant Report.

      have existed, the identities of the co-conspirators, and the involvement of each person.

4. If indeed the Government considers the persons listed in the discovery material to be unindicted co-conspirators, the manner and means of the alleged conspiracy(s), as there is not an indication as to which acts constituted this conspiracy(s), how it (or multiple conspiracies) occurred, who was involved, or how such persons were involved.

5. Each and every overt act allegedly committed in furtherance of the conspiracy alleged in Count Six, by whom each act was allegedly committed, and the date, time, and place of occurrence of each act.

6. Describe those alleged coconspirators both known and unknown to the grand jurors and if there be no evidence of such, then strike the surplusage.

7. Each and every act allegedly committed by Mr. Quiroz which constitutes the crime alleged in Count Six, with whom each act was allegedly committed, and the date, time, and place of occurrence of each act.

[Dkt. 66 at 1-2]. Defendant's requests can be loosely grouped into two categories: (1) Defendant's alleged overt acts (and the date, time, and place thereof), and (2) the identity of co-conspirators. The Government argues Defendant is not entitled to the requested relief [Dkt. 74]. The Government contends that through the First Superseding Indictment, discovery process, and detention hearing, Defendant is sufficiently knowledgeable of the charges against him to prepare for trial, to avoid surprise and to plead double jeopardy in the event of a new prosecution [Dkt. 74 at 4-5]. Defendant rejoins that the charging instrument is bare bones, leaving him to "purely speculate" as to Count 6, and that the only evidence tendered by the Government in discovery linking him to Count 6 at present is a single lab report with a small amount, significantly less than 100 kilograms or more, of marijuana and tetrahydrocannabinol, which simply is not enough to give proper notice [Dkt. 76].

## LEGAL STANDARD AND ANALYSIS

*Rule 7(f) Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) provides a basis for defendants to obtain a bill of particulars – a formal written statement providing details of the charges against a defendant. FED. R. CRIM. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."). The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy. *See e.g., United States v. Rodriguez*, No. 4:18-cr-00216, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)), *report and recommendation adopted*, No. 4:18-cr-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). "A defendant possesses no right to a bill of particulars[.]" *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980). Indeed, the granting or denial of a bill of particulars is within the sound discretion of the trial court. *Mackey*, 551 F.2d at 970. To that end, "[a] court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights. *See United States v. Churchill,* No. 4:20-cr-252, 2021 WL 862306 (E.D. Tex. Mar. 8, 2021). "Conversely, the trial court should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Mathis*, No. 4:19-cr-00265, 2020 WL 7409089, at *1 (E.D. Tex. Nov. 3, 2020) (citing *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012)), *report and recommendation adopted*, No. 4:19-cr-265-2, 2020 WL 7396541 (E.D. Tex. Dec. 17, 2020).

Here, Defendant urges that there is a lack of specificity in Count 6 of the First Superseding Indictment, and thus a bill of particulars specifying (1) the date, time, and place of each of the overt acts related to this count, and (2) the identities of co-conspirators, is necessary to allow him to properly prepare his defense to the charge.

### i. *Overt Acts/Connection to Marijuana*

It is well settled that "[a] bill of particulars is not a discovery device." *Churchill*, 2021 WL 862306, at *2 (E.D. Tex. Mar. 8, 2021) (Mazzant, J.) (citing *Rodriguez*, 2020 WL 4689193, at *4); *United States v. Djuga*, No. 14-140, 2015 WL 1412100, at *2-3 (E.D. La. Mar. 25, 2015) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *Burgin*, 621 F.2d at 1359 (outlining that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"). The Government avers, and the Court agrees, that "the specific requests made by the [D]efendant are very similar to a set of interrogatories submitted in a civil case" [Dkt. 74 at 4]. Boiled down to their essence, Defendant asks the Government to provide the date, time, and place of each overt act that supports the Government's case. "[A] defendant is [simply] not entitled to use a bill of particulars to discover all overt acts that might be proved at trial." *United States v. Turner*, No. 4:18-cr-216, 2020 WL 6121481, at *2 (E.D. Tex. Sept. 15, 2020) (citing *United States v. Bethany*, No. 3:18-cr-0297-S, 2020 WL 1976827, at *2 (N.D. Tex. Apr. 23, 2020)), *report and recommendation adopted*, No. 4:18-cr-216, 2020 WL 6118612 (E.D. Tex. Oct. 16, 2020); *United States v. Licciardi*, No. 14-284, 2016 WL 815509, at *4 (E.D. La. Mar. 2, 2016) (citing *Kilrain*, 566 F.2d at 985); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]").

Defendant is charged in Count 6 of the First Superseding Indictment under 21 U.S.C. §§ 841(a)(1), 846. The First Superseding Indictment states in relevant part:

> That from sometime in or about 2019, and continuously thereafter up to and including the date of this First Superseding Indictment, in the Eastern District of Texas and elsewhere, Joel Rodriquez, a.k.a. 'Joel Rodriguez III' Joshua Rodriguez, defendants, did knowingly and intentionally combine, conspire and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture, distribute and dispense 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana and tetrahydrocannbinol. Schedule I Controlled Substances; in violation of 21 U.S.C. 841(a)(1).
>
> All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

[Dkt. 62 at 4]. The First Superseding Indictment properly and adequately contains information about the elements of the charged crimes, including the purpose of the alleged conspiracy, its timing, the drugs purportedly involved, and alleges Defendant joined the agreement knowingly and voluntarily. PATTERN CRIM. JURY INSTRS. 5TH CIR., § 2.97 (2019) (outlining the elements of criminal conspiracy under this section). As this Court has oft noted, "[t]he Fifth Circuit applies a lower standard of particularity for indictments in conspiracy cases." *Churchill*, 2021 WL 862306, at *2 (citing *United States v. Perez*, 489 F.2d 51, 70 (5th Cir. 1970)). Indeed, "[a] § 846 conspiracy charge does not require proof that Defendant actually distributed or possessed with intent to distribute any controlled substance, or proof of an overt act to show participation in a drug conspiracy." *Turner*, 2020 WL 6121481, at *2. The Government is not obligated to allege or prove at trial any specific overt acts by Defendant; rather, the important element of a § 846 conspiracy charge is the agreement. *United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C. § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not."); *United States v. Addison*, No. 14-1168, 2015 WL 1245556, at *4 (E.D. La. Mar.

18, 2015) (citing *United States v. Turner*, 319 F.3d 716, 721 (5th Cir. 2003)) (same).

In connection with his request for overt acts, Defendant specifically seeks the date, time, and place Defendant is alleged to have committed each overt act [Dkt. 66 at 1-2]. This information (the precise date/time of the act or the exact location of the act) need not be alleged in the charging documents. Alleging that an offense occurred on or about a certain date is sufficient. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir. 1991). Though Defendant avers that the span of time the Government alleges in Count 6 is overbroad, any date within the statute of limitations and before the return of the Indictment will support a conviction. *United States v. Bowman*, 783 F.2d 1192, 1197 (5th Cir. 1986). Defendant is similarly not entitled to any further specificity as to the location of the crime than is alleged in the Indictment. *Mathis,* 2020 WL 7409089, at *5 (citing *Djuga*, 2015 WL 1412100, at *3 (holding that defendant's "request [for a bill of particulars] impermissibly crosses the line and it seeks a detailed account of government evidence which need not be provided in response to a motion for a bill of particulars[,]" where plaintiff requested the "dates, times, and places at which the Defendant is alleged to have combined, conspired, confederated, and agreed. . . . to commit the narcotics violations alleged[.]")); *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (denying request for bill or particulars and holding indictment was sufficiently informative where plaintiff "sought '(t)he exact location, including the street address, of the alleged illegal sale, receipt, transportation, and concealment of automobiles charged in all counts of the indictment.'"). The First Superseding Indictment stating "sometime in or about 2019, and continuously thereafter up to and including the date of this First Superseding Indictment" "in the Eastern District of Texas and elsewhere" is sufficient [Dkt. 62 at 4]. The Court recommends denying Defendant's request for overt acts through a bill of particulars.

*Identity of Co-Conspirators*

Defendant's Motion also requests the Government to identify the co-conspirators and their involvement [Dkt. 66 at 1-2]. "A bill of particulars is a proper procedure for discovering names of co[-]conspirators the Government plans to call as witnesses at trial." *Addison*, 2015 WL 1245556, at *4 (citing *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987)); *see also Little*, 2012 WL 566805, at *1. "But it is not to be granted simply to acquire a list of the Government's witnesses." *United States v. Hagen*, No. 3:19-cr-0149, 2020 WL 1929848, at *13 (N.D. Tex. Apr. 21, 2020) (citing *United States v. Faulkner*, No. 3:09-cr-249-D(02), 2011 WL 2880919, at *3 (N.D. Tex. July 15, 2011)). "Rather, the trial court should grant the motion for a bill of particulars 'when the information is necessary' for the defendants to prepare for trial." *Faulkner,* 2011 WL 2880919, at *3 (quoting *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)). "[D]efendant [is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]" *Id*. Defendant does not articulate any specific reasons why the names are necessary to help him prepare his defenses for trial (in advance of the deadline set by the Court's existing orders), or any specific prejudice he will suffer if his request is denied and/or if he does not receive the names at this time. *See United States v. Garibalde-Barron*, No. EP-12-cr-1406-KC, 2013 WL 427389, at *5 (W.D. Tex. Feb. 4, 2013) (denying bill of particulars "[b]ecause [defendant] does not indicate why his remaining requests for factual details, witnesses, and informants are necessary to prepare for trial or prevent double jeopardy[.]"). Further, as already referenced in connection with Defendant's request for overt acts, a conspiracy charge may be sustained by showing that a defendant entered into an agreement, whether or not that defendant's co-conspirators are identified. "[I]n order for [the defendant] to be convicted of conspiracy it [i]s not necessary for the government to prove that he knew all of the members of the conspiracy."

*United States v. Pofahl*, 990 F.2d 1456, 1470 (5th Cir. 1993); *Rodriguez*, 2020 WL 4689193, at *6 (citing *Faulkner*, 2011 WL 2880919, at *3). Additionally, a bill of particulars regarding the identity of co-conspirators is largely obviated by the provision of a witness list before trial. *See Hughes*, 817 F.2d at 272; *Hagen*, 2020 WL 1929848, at *13. At present, counsel for the Government is required to provide a list of witnesses on or before July 25, 2022 [Dkt. 73 at 2 ("Counsel for the Government and counsel for the Defendant(s) shall: []each provide the court a list of witnesses). The Court recommends denying Defendant's request for confidential source and/or co-conspirators names through a bill of particulars.

### *Bill of Particulars/Discovery*

Notwithstanding such recommendation, the Court addresses Defendant's further assertion that the discovery he has received, to date, from the Government as to Count 6 is minimal [Dkt. 76 at 2]. Defendant expounds

> [T]he Government has produced only one lab report with marijuana and tetrahydrocannanbinol, tendered to the defense on June 22, 2022 – 9 days ago, which has a date of offense of November 29, 2021. One lab report for the substance out of tens of thousands of files produced and nothing for the years 2019, 2020, or 2022 – as alleged in the First Superseding Indictment

[Dkt. 76 at 2]. The Government rejoins that it has provided Defendant with "organized discovery material which is still on-going" and that the details provided during Defendant's detention hearing further eliminate the need for a bill of particulars [Dkt. 74 at 5].[2]

---

[2] Testimony was offered at the detention hearing regarding Defendant's behaviors that were consistent with drug trafficking at the detention hearing [Dkt. 29 at 39]. In relevant part, Lewisville Police Officer and Drug Enforcement Administration ("DEA") Task Force Officer Johnny Copley ("Officer Copley") testified to Defendant's lengthy criminal history, including multiple past charges of possession of marijuana [Dkt. 49 at 9], that marijuana was found in Defendant's bedroom located next to $3,400 in cash and two boxes for Glock pistols [Dkt. 49 at 20-21], and that marijuana and was found in Defendant's car [Dkt. 49 at 23]. Law enforcement also found what was believed to be a THC cartridge in the car when Defendant was arrested, in addition to $1,200 in cash [Dkt. 49 at 25-26]. The Government then closed the detention hearing with the following argument: "So is he linked to the Methamphetamine? Is he linked to the drug dealing? The inference is that he is. And what does he have in his room? THC, marijuana, unexplained cash, luxury handbags, two gun boxes" [Dkt. 49 at 87].

Defendant's frustration with sifting through thousands of pages of discovery to identify evidence linking him to the conspiracy cannot be resolved through a bill of particulars. *See Churchill*, 2021 WL 862306, at *2 (finding defendant's argument that examining extensive discovery necessitates a bill of particulars without merit because "[t]he Government is under no obligation to organize and identify relevant information already produced.") (citing *Kirkham,* 129 F. App'x at 72-73); *see also Turner*, 2020 WL 6121481, at *3. And though not directly requested in Defendant's Motion, it appears what Defendant truly seeks is additional information related to the amount of marijuana and/or THC [Dkt. 76 at 2]. Defendant proffers "[i]t is entirely unfair for [Defendant] to expect to defend against a charge of over 100 kilograms over 3 years when there is nothing in the discovery or elsewhere to support what exactly the government is alleging" [Dkt. 76 at 2]. Supplementing the Court's earlier point, this kind of evidentiary detail is "beyond the proper scope of a bill of particulars." *United States v. Goldenshtein*, No. 1:10-cr-323, 2011 WL 1321573, at *14 (N.D. Ga. Feb. 22, 2011) (denying defendant's motion for a bill of particulars as to the amount of marijuana allegedly possessed with the intent to distribute) (citing *Sherriff*, 546 F.2d at 606 ("The purpose [of a bill of particulars] is not to provide detailed disclosure before trial of the Government's evidence.")), *report and recommendation adopted*, No. 1:10-cr-323, 2011 WL 1257147 (N.D. Ga. Apr. 1, 2011). "A bill of particulars is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation, and not to provide the defendant with the fruits of the government's investigation." *United States v. Landeros-Lopez*, CR-09-576, 2010 WL 2228499, at *3 (D. Ariz. June 1, 2010) (emphasis in the original) (denying defendant's motion for bill of particulars requesting "evidence establishing the amount of drugs charged in the indictment.") (citing *United States v. Baker*, No. 3:08-cr-00075, 2010 WL 9365537, at *2 (M.D. Pa. Mar. 15, 2010)).

In sum, the information stated in the First Superseding Indictment is sufficient and does not warrant a bill of particulars.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Joshua Diego Quiroz's Motion and Memorandum in Support of Bill of Particulars [Dkt. 66] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the uncontroverted factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE